IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**ERIC LEE PROSHA,**

    **Plaintiff,**

**v.**                                                  **Civil Action No. 3:21cv811**

**DR. ROBERT LEWIS,** *et al.*,

    **Defendants.**

## MEMORANDUM OPINION

Eric Lee Prosha, a Virginia inmate proceeding *pro se* and *in forma pauperis*, and a frequent litigant in the federal courts, filed this 42 U.S.C. § 1983 action.[1] The matter is proceeding on Prosha's Particularized Complaint. (ECF No. 20.) In his Particularized Complaint, Prosha names the following individuals as defendants: Dr. Robert Lewis, Sgt. Woodberry, Lt. Tyler, and Unit Manager Everette.[2] (ECF No. 20; ECF No. 31, at 1 n.1.) Woodberry, Tyler, and Everette ("Defendants") have moved to dismiss, *inter alia*, on the ground that Prosha's claims are barred by the relevant statute of limitations. (ECF Nos. 28, 35.)

---

[1] The statute provides, in pertinent part:

> Every person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983.

[2] By Memorandum Opinion and Order entered on August 28, 2023, the Court dismissed all claims against Defendant Lewis because Plaintiff failed to timely serve him. (ECF Nos. 41, 42.) The Court employs the corrected spelling for Defendant Everette's name.

Defendants provided Prosha with appropriate *Roseboro* notice. (ECF Nos. 30, 37.) Prosha has responded. (ECF No. 33.) For the reasons set forth below, the Motions to Dismiss (ECF Nos. 28, 35) will be GRANTED.

### I. Preliminary Review

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin,* 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari,* 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin,* 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal,* 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (second alteration in original) (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570,

rather than merely "conceivable." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp.*, 550 U.S. at 556). In order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke,* 574 F.2d 1147, 1151 (4th Cir. 1978), it will not act as the inmate's advocate and develop, *sua sponte*, statutory and constitutional claims that the inmate failed to clearly raise on the face of his or her complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II. Summary Prosha's Allegations[3]

Sometime before February 25, 2018, Prosha was moved to a different pod. (ECF No. 20, at 1–2.) Lt. Tyler forced Prosha to take a top bunk, even though Prosha had a bottom bunk pass. (ECF No. 20, at 1–2.) This new pod was a "gang membered pod." (ECF No. 20 ¶ 2.) Defendant Everette was the individual who allowed all the gang members to be housed in the building with Prosha. (ECF No. 20 ¶ 3.) On the night of February 25, 2018, Prosha "was jumped/beat up by half the pod and was badly injured." (ECF No. 20 ¶ 3.) Prosha's shoulder was injured. (ECF No. 20 ¶ 3.) While Prosha was absent from the pod, much of his property went missing. (ECF No. 20 ¶ 6.)

---

[3] The Court only recites those allegations relevant to the remaining Defendants.

3

Prosha raises the following grounds for relief:

Claim One    Lt. Tyler violated Prosha's Eighth Amendment[4] rights when he required Prosha to use a top bunk, even though Prosha had a bottom bunk pass. (ECF No. 20 ¶ 7.)

Claim Two    Sgt. Woodberry violated Prosha's Eighth Amendment rights by moving him to a dangerous environment. (ECF No. 20 ¶ 8.)

Claim Three    Unit Manager Everette violated Prosha's constitutional rights by his mismanagement of Prosha's housing unit. (ECF No. 20 ¶ 9.)

### III. Analysis

Because no explicit statute of limitations for 42 U.S.C. § 1983 actions exists, federal courts borrow the personal injury statute of limitations from the relevant state. *Warden, Md. House of Corr.*, 64 F.3d 951, 955 (4th Cir. 1995) (citing *Wilson v. Garcia*, 471 U.S. 261, 266–69 (1985)). Virginia applies a two-year statute of limitations to personal injury claims. *See* Va. Code Ann. § 8.01–243(A) (West 2023). Thus, Prosha was required to file his Complaint within two years from when the underlying claims accrued.

When a 42 U.S.C. § 1983 claim accrues is dictated by federal law. *See Nasim*, 64 F.3d at 955. "A claim accrues when the plaintiff becomes aware of his or her injury, *United States v. Kubrick*, 444 U.S. 111, 123 (1979), or when he or she 'is put on notice . . . to make reasonable inquiry' as to whether a claim exists." *Almond v. Sisk*, No. 3:08CV138, 2009 WL 2424084, at *4 (E.D. Va. Aug. 6, 2009) (omission in original) (quoting *Nasim*, 64 F.3d at 955), *aff'd*, 372 F. App'x 432 (2010). Further, in order to dismiss a 42 U.S.C. § 1983 action because the applicable

---

[4] "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII.

statute of limitations has expired, "the court must find that the expiration of the statute of limitations is clear on the face of the complaint." *In re Davis*, Nos. 4:11CV11, 11CV12, 11CV13, 11CV14, 11CV15, 11CV16, 11CV17, 11CV18, 11CV19, 11CV 20, 2011 WL 9669470, at *2 (E.D. Va. Jan. 26, 2011) (citation omitted), *aff'd sub nom. Davis v. Wilkinson*, 443 F. App'x 812 (4th Cir. 2011).

Prosha filed his initial Complaint on December 20, 2021.[5] For the action to be timely, the claims alleged therein must have accrued after December 20, 2019. Prosha's injuries stem from events that occurred in February of 2018. Neither Prosha nor the record suggest any circumstances that would indicate his claims accrued any later than March of 2018. Thus, Prosha should have filed his Complaint by March of 2020. Because Prosha waited until December 20, 2021, his action is untimely.

Prosha contends that the Court should excuse his untimeliness because he did not realize the extent of his injuries until 2021[6] and because:

> He was so overwhelmed with physical therapy and from being drugged up with pyschological medications, that he lost track of time. Sleeping was all that Plaintiff cared to do after [the] injury, but never got the real chance to: too much beatings to the head cause Plaintiff to get only three hours of sleep per night.

(ECF No. 33, at 2.) Essentially, Prosha asks the Court to equitably toll the limitation period.

---

[5] This is the date he signed his Complaint (ECF No. 1, at 9), and the Court will construe it as the filed date for the purposes of this action. *Cf. Houston v. Lack*, 487 U.S. 266, 276 (1988).

[6] Prosha's contention that he did not realize the full extent of his injuries until 2021 fails to delay the running of the statute of limitations. *See Kach v. Hose*, 589 F.3d 626, 635 (3d Cir. 2009) (noting that the statute of limitations begins to run "even though the full extent of the injury is not then known or predictable") (quoting *Wallace v. Kato*, 549 U.S. 384, 391 (2007)). "Were it otherwise, the statute would begin to run only after a plaintiff became satisfied that he had been harmed enough, placing the supposed statute of repose in the sole hands of the party seeking relief." *Wallace*, 549 U.S. at 391.

5

District courts may invoke equitable tolling if enforcement of the statute of limitations would result in "gross injustice." *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000). "[E]quitable tolling pauses the running of, or 'tolls,'" the beginning of the statute of limitations period which, in practical effect, provides litigants more time to file suit. *Lozano v. Montoya Alvarez*, 572 U.S. 1, 10 (2014). Courts in the United States Court of Appeals for the Fourth Circuit engage in "a case-by-case examination to determine if an equitable tolling of the filing period is appropriate." *Nguyen v. Inova Alexandria Hosp.*, No. 98cv2215, 1999 WL 556446, at *3 (4th Cir. July 30, 1999). The doctrine of equitable tolling is to be applied "sparingly." *Irwin v. Dep't of Veteran's Affairs*, 498 U.S. 89, 96 (1990). "Equitable tolling has long been considered an extraordinary remedy in this circuit, and litigants face a considerable burden to demonstrate that it applies." *Hazlegrove v. Colonial Pipeline Co.*, No. 3:18cv284, 2018 WL 6683030, at *4 (E.D. Va. Dec. 19, 2018) (citing *CVLR Performance Horses, Inc. v. Wynne*, 792 F.3d 469, 476 (4th Cir. 2015)).[7]

In order to be entitled to equitable tolling, a plaintiff must satisfy "the Supreme Court's two-step test for determining whether a plaintiff is entitled to equitable tolling." *Edmonson v. Eagle Nat'l Bank*, 922 F.3d 535, 548 (4th Cir. 2019) (emphasis omitted) (citing *Menominee Indian Tribe v. United States*, 570 U.S. 250, 255 (2016)). Under that test, a plaintiff must show: "(1) that he [or she] has been pursuing his rights diligently, and, (2) that some extraordinary circumstance stood in [the] way and prevented timely filing." *Id.* (citation omitted). The

---

[7] Equitable tolling is generally "reserved for those rare instances where—due to circumstances external to a party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Lake v. Capital One Bank, N.A.*, No. 1:11cv1342, 2012 WL 12973539, at *2 (E.D. Va. June 28, 2012) (quoting *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (en banc)).

Supreme Court has cautioned against the expanded use of the equitable tolling doctrine, stating that "[i]n the long run, experience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law." *Baldwin Cty. Welcome Ctr. v. Brown*, 466 U.S. 147, 152 (1984) (internal citation and quotation omitted).

First, as alleged, Prosha's mental condition fails to qualify as an extraordinary circumstance. "As a general manner, the federal courts will apply equitable tolling because of a [plaintiff]'s mental condition only in cases of profound mental incapacity." *United States v. Sosa*, 364 F.3d 507, 513 (4th Cir. 2004) (citing *Grant v. McDonnell Douglas Corp.*, 163 F.3d 1136, 1138 (9th Cir. 1998)).[8] "[C]onclusory and generally unsupported allegations of mental illness are insufficient to justify equitable tolling . . . ." *Nesbit-Harris v. Jackson*, No. 3:07CV696, 2008 WL 2329173, at *4 (E.D. Va. Jun. 3, 2008). In *Nesbit-Harris*, the court rejected plaintiff's request to toll the limitation period for one day based on "the mental and emotional trauma and stress" and her "incapacitated . . . mental state." *Id.* at *3. Prosha's conclusory allegations of mental illness and stress fail to qualify as extraordinary circumstances. Further, Prosha has failed to allege any specific facts that indicate that he has been pursuing his rights diligently. Accordingly, Prosha fails to demonstrate that he is entitled to equitable tolling.

---

[8] In *Sosa*, the Fourth Circuit cited *Grant* for the proposition that equitable tolling based on mental condition to be appropriate "only in exceptional circumstances, such as institutionalization or adjudged mental incompetence." *Sosa*, 364 F.3d at 513 (quoting *Grant*, 163 F.3d at 138).

## IV. Conclusion

Accordingly, the Motions to Dismiss (ECF Nos. 28, 35) will be GRANTED. The action will be DISMISSED WITH PREJUDICE. The Clerk will be DIRECTED to note the disposition of the action for purposes of 28 U.S.C. § 1915(g).

An appropriate Order will accompany this Memorandum Opinion.

Date: 10/27/2023
Richmond, Virginia

/s/
M. Hannah Lauck
United States District Judge